UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL PLATT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-01866-SEB-KMB |
| | ) | |
| VOLUNTEERS OF AMERICA OHIO & INDIANA, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER STRIKING *PRO SE* PLAINTIFF'S FILING CONTAINING NONEXISTENT CITATIONS

Defendant Volunteers of America Ohio & Indiana's ("VOA") has alleged that *pro se* Plaintiff Michael Platt cited allegedly fictious caselaw in his response brief to the VOA's Motion for Leave to File Amended Answer. [Dkt. 22 at 7.] Specifically, in its reply brief supporting its Motion, VOA alleges that Mr. Platt "relies on authority that appears to be at most fictitious or at least unverifiable through the citation provided." [*Id.* (identifying *Bodine v. Warwick Valley Central School District*, No. 14-CV-1989, 2015 WL 1298999 (S.D.N.Y. Mar. 23, 2015) and *Williams v. Board of Education of the City of Chicago*, 982 F.3d 495 (7th Cir. 2020)).] In his surreply, Mr. Platt does not expressly concede that any cited authority is fabricated. [Dkt. 23.] Rather, he argues that even if *Bodine* does not exist, that case is unnecessary to the resolution of the pending Motion and is, therefore, immaterial to the Court's analysis. [*Id.* at 3.] Mr. Platt does not respond to VOA's assertion that the quotation he attributed to *Williams* does not exist in that decision.

The Court independently reviewed the authorities cited by Mr. Platt and conducted searches of Westlaw, Lexis, and PACER for the decisions identified in his response brief. The Court did

1

not locate any decision corresponding to *Bodine v. Warwick Valley Central School District*, No. 14-CV-1989, 2015 WL 1298999 (S.D.N.Y. Mar. 23, 2015), and it could not find the quoted language that Mr. Platt attributed to *Williams v. Board of Education of the City of Chicago*, 982 F.3d 495 (7th Cir. 2020). Accordingly, the Court agrees with VOA that some of Mr. Platt's cited authorities either do not exist or are materially misrepresented.

It is becoming increasingly common for parties in litigation to use artificial intelligence to prepare filings. The Court suspects that Mr. Platt did so here. Courts in this District have recognized that citing nonexistent authority or misrepresenting a case's holding constitutes a false statement that may warrant sanctions under Federal Rule of Civil Procedure 11. *See, e.g.*, *Davis v. Marion Cnty. Superior Ct. Juv. Det. Ctr.*, No. 1:24-cv-01918-JRS-MJD, 2025 U.S. Dist. LEXIS 170047, at *8 (S.D. Ind. Sept. 2, 2025); *Mid Cent. Operating Eng'rs Health & Welfare Fund v. Hoosiervac LLC*, 2025 U.S. Dist. LEXIS 100748 at *3 (S.D. Ind. May 28, 2025); *Virgil v. Experian Info. Sols. Inc.*, No. 1:25-cv-01641-MPB-MJD, 2026 U.S. Dist. LEXIS 29090, at *11 (S.D. Ind. Feb. 12, 2026).

Although Mr. Platt is proceeding *pro se*, he is not excused from compliance with procedural rules. *Jones v. Kankakee Cnty. Sheriff's Dep't*, 164 F.4th 967, 969 (7th Cir. 2026) (holding that although "the [Rule 11] inquiry is different for *pro se* and represented parties" *pro se* litigants still "shoulder responsibility too" and "in no way will we allow a court filing to include misrepresentations on legal or factual points that an unrepresented party reasonably knows or should know exist"); *see also Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (noting that "*pro se* litigants are not excused from compliance with procedural rules"). Federal Rule of Civil Procedure 11 provides, in relevant part:

> **(b) Representations to the Court**. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating

> it—an . . . unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . .
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; . . . .

Fed. R. Civ. P. 11(b).

The Court may *sua sponte* order a party to show cause why certain conduct has not violated Rule 11(b) and, if the Court determines a violation has occurred, impose sanctions. Fed. R. Civ. P. 11(c). Courts have consistently held that failing to check the treatment, soundness, or existence of cases warrants sanctions. *See, e.g.*, *Mid Cent. Operating Eng'rs Health & Welfare Fund*, 2025 U.S. Dist. LEXIS 100748, at *1–4 (adopting in part a report and recommendation and imposing a $6,000 personal sanction where counsel admitted to filing briefs containing fictitious AI-generated citations); *Virgil*, 2026 U.S. Dist. LEXIS 29090, at *11 (recommending a $10,000 personal sanction for counsel filing five briefs that contained citations to non-existent cases); *Salahuddin v. Coughlin*, 999 F. Supp. 526, 529 (S.D.N.Y. 1998); *Brown v. Lincoln Towing Serv., Inc.*, No. 88C0831, 1988 WL 93950 (N.D. Ill. 1988); *Pravic v. U.S. Indus.-Clearing*, 109 F.R.D. 620, 623 (E.D. Mich. 1986). While these cited cases involve attorneys failing to check the treatment and soundness of case citations, many of the principles on which those decisions are based also apply to *pro se* parties. *See, e.g.*, *Tsupko v. Kinetic Advantage, LLC*, 2025 WL 2677157, at *5 (S.D. Ind. Sept. 17, 2025) (admonishing *pro se* plaintiff for citing non-existent caselaw and warning that "any further non-compliance with all applicable Federal Rules of Civil Procedure and the Local Rules of this Court will result in sanctions against him which may include dismissal of this case . . . .").

In consideration of Mr. Platt's *pro se* status, the Court will not at this time order him to show cause why the fictitious citations identified did not violate Rule 11(b) and why he should not

3

be sanctioned. Instead, the Court **STRIKES** Mr. Platt's response brief from the record, [dkt. 21], and *sua sponte* **GRANTS** him leave to refile a response brief within **fourteen (14) days of the date of this Order**. Mr. Platt is formally **ADMONISHED** that in preparing and submitting **all** future filings, he must **FULLY COMPLY** with all applicable Federal Rules of Civil Procedure and the Local Rules of this Court. Failure to do so may result in sanctions, up to and including dismissal of his case.

For purposes of clarity on the docket, the Clerk is directed to **STRIKE** Mr. Platt's response brief at dkt. 21. VOA's reply brief at dkt. 22 and Mr. Platt's surreply at dkt. 23 will not be considered further in ruling on the pending Motion for Leave to File Amended Answer, [dkt. 20], which remains **UNDER ADVISEMENT**. VOA has **fourteen (14) days** from the refiling of Mr. Platt's response brief to file a reply brief supporting its motion. No surreply brief will be permitted.

**SO ORDERED.**

Date: 3/10/2026

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

MICHAEL PLATT
750 Third Avenue Ste. 1042
Chula Vista, CA 91910