UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL PLATT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-01866-SEB-KMB |
| | ) | |
| VOLUNTEERS OF AMERICA OHIO & INDIANA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE**

This matter is before the Court on *pro se* Plaintiff Michael Platt's ("Mr. Platt") Motion to Strike Defendant's Affirmative Defenses. Dkt. 35. For the reasons stated below, that motion must be **DENIED**.

**BACKGROUND**

On October 10, 2025, we granted Mr. Platt's motion for leave to proceed *in forma pauperis* and allowed this action to proceed, pursuant to 28 U.S.C. § 1915(e). Mr. Platt brought this civil rights action against Defendant Volunteers of America Ohio & Indiana ("VOA"), a nonprofit organization that "contracts with the Bureau of Prisons to supervise and provide services to individuals transitioning from federal incarceration." Compl. 1–2, dkt. 1. According to the Complaint, VOA unlawfully discriminated against Mr. Platt on the basis of his race and unjustifiably retaliated against him by revoking his work privileges, by issuing a fabricated disciplinary report, and by threatening to reinstate a GPS monitoring system.

VOA's operative answer, filed on April 22, 2026, asserts eight affirmative defenses, dkt. 34, seven of which Mr. Platt moved to strike on April 28, 2026, dkt. 35. VOA filed a response in

1

opposition on May 12, 2026. Dkt. 37. Mr. Platt has filed no reply, and the time for doing so has long since elapsed. Accordingly, Mr. Platt's Motion to Strike is ripe for ruling.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored, but when striking portions of a pleading "remove[s] unnecessary clutter from the case," the motion may "serve to expedite, not delay." *Heller v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). However, "a court ordinarily will not strike affirmative defenses unless such defenses "patently defective and could not succeed under any circumstances." *Mobley v. Kelly Kean Nissan, Inc.*, 864 F. Supp. 726, 732 (N.D. Ill. 1993). Likewise, because affirmative defenses are subject to federal pleading requirements, they "must set forth a 'short and plain statement' of all the material elements of the defense asserted; bare legal conclusions are not sufficient." *Heller*, 883 F.2d at 1294; Fed. R. Civ. P. 8(a).

## DISCUSSION

VOA's Amended Answer contains the following affirmative defenses:

1.  Plaintiff's Complaint fails to state a claim upon which relief may be granted. . . .

3.  Plaintiff is seeking to recover more than he is entitled to recover in this case, and award of the judgment sought by Plaintiff would unjustly enrich Plaintiff.

4.  To the extent Plaintiff seeks equitable relief (including "corrective policy enforcement"), such relief is barred or limited by the doctrine of unclean hands to the extent Plaintiff's own conduct relating to the matters alleged makes equitable relief inappropriate.

5. To the extent Plaintiff seeks equitable relief, such relief is barred or limited to the extent Plaintiff unreasonably delayed in seeking relief and Defendant was prejudiced by that delay.

6. Plaintiff's claims are barred or limited to the extent Plaintiff, by words or conduct, knowingly waived rights alleged here or induced Defendant to reasonably rely on Plaintiff's conduct to Defendant's detriment.

7. Plaintiff's claims are barred to the extent any portion of the claims or alleged damages were resolved, released, or satisfied by agreement, payment, or other satisfaction.

8. Plaintiff's requests for punitive or other discretionary relief are barred or limited to the extent Plaintiff pursued any claim or allegation with knowledge of falsity or for an improper purpose.

Def.'s Am. Answer 4–5, dkt. 34.

In moving to strike VOA's affirmative defenses, Mr. Platt contends that each is legally insufficient on its face, fails to provide fair notice, and reflects an attempt to inject immaterial and impertinent matters into this litigation. Dkt. 35. Before turning to Mr. Platt's arguments, we note that he filed a separate memorandum of law outlining a so-called "Five-Step Presumption [R]ebuttal" framework, which purports to assess the legal sufficiency of VOA's affirmative defenses in accordance with "Statutes at Large," "exact Congressional Record[s]," and the holdings from various Supreme Court decisions. Dkt. 36 at 1. We need not delve into the specifics of Mr. Platt's "Five-Step Presumption Rebuttal" framework, since it neither comports with the controlling legal standard articulated above nor is particularly helpful to our analysis below. We turn to the challenged affirmative defenses *seriatim*.

**Affirmative Defense 1: Failure to State a Claim**

Federal Rule of Civil Procedure 12(h)(2)(A) expressly permits a defendant to assert the defense of failure to state a claim in a responsive pleading. Fed. R. Civ. P. 12(h). Indeed, failure to state a claim "is a nonwaivable defense that may be asserted at any time." *Leonard v. Trs. of Indiana Univ.*, No. 1:19-CV-00963-JRS-MJD, 2019 WL 3306181, at *2 (S.D. Ind. July 23, 2019). Defendants, such as VOA here, are permitted by our pleading rules to preserve such a defense within a responsive pleading, with the caveat that the court will not rule on the merits unless and until the arguments are properly presented by motion. *Id.* Mr. Platt's request that we strike VOA's first affirmative defense is therefore premature, and we deny it accordingly.

**Affirmative Defenses 3, 7, & 8: Damages**

VOA's third affirmative defense contends that Mr. Platt's demand for ($250,000 in) damages would result in his unjust enrichment. Similarly, VOA's seventh and eighth affirmative defenses assert that Mr. Platt's recovery of damages should be limited "to the extent" that such awards are precluded by Mr. Platt's prior release of such entitlements and/or by Mr. Platt's improper motive in initiating this litigation. Whether or to what extent VOA might ultimately prevail on these arguments cannot be conclusively resolved at this juncture, and Mr. Platt has not established that VOA's assertion of these affirmative defenses is otherwise "patently defective" such that granting his motion to strike is warranted or appropriate. In any event, VOA's affirmative defenses "will bear no weight until damages have been awarded," meaning that striking them at this stage would be premature. *Leonard*, 2019 WL 3306181, at *3.

**Affirmative Defenses 4, 5, & 6: Equitable Defenses**

The fourth, fifth, and sixth affirmative defenses relate to the equitable defenses of unclean hands, laches, and waiver/estoppel. Mr. Platt argues that VOA's equitable defenses should be

stricken because his pleading asserts "legal," as opposed to equitable, claims. He also contends that VOA has not alleged sufficient facts that plausibly support its equitable defenses.

With regard to Mr. Platt's first argument, VOA correctly points out that Mr. Platt himself seeks equitable relief in this action. *See* Compl. 4, dkt. 1 (asserting request for "corrective policy enforcement"). It is well established that equitable defenses can be asserted against claims for equitable relief, such as that sought by Mr. Platt here. *See Scheiber v. Dolby Lab'ys, Inc.*, 293 F.3d 1014, 1022 (7th Cir. 2002). Accordingly, we discern no fundamental error in VOA's assertion of equitable affirmative defenses, and Mr. Platt's argument to the contrary is unavailing.

Mr. Platt's remaining argument concerning the sufficiency of VOA's factual allegations requires closer scrutiny. Mr. Platt argues that VOA's unclean hands, laches, and waiver/estoppel defenses lack supporting factual allegations of what Mr. Platt did or failed to do that precludes his recovery. A basic tenet of federal pleading rules is that parties must have "fair notice of what . . . the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). VOA's failure to describe which aspects of Mr. Platt's alleged misconduct rise to the level of its various equitable defenses arguably falls short of satisfying this basic pleading requirement.

That said, we are not persuaded that Mr. Platt's motion to strike is warranted or appropriate, since "most of the relevant facts underlying these affirmative defenses will likely arise from [Mr. Platt's] own conduct, of which [Mr. Platt] already has full knowledge." *Nautilus Ins. Co. v. Assocs. of Triangle, Inc.*, No. 1:24-CV-01523-SEB-KMB, 2025 WL 2374409, at *4 (S.D. Ind. Aug. 14, 2025). As VOA concedes, further discovery is necessary in order to develop the underlying factual bases of these equitable theories. We find that the more prudent approach here "is to defer the[se] issue[s] until a later stage of the proceedings," when the record is more fully developed and the parties have presented more robust arguments. *Id. See also United States v. Martell*, 844 F. Supp.

454, 457 (N.D. Ind. 1994) ("If a defense may be relevant, then there are other contexts in which the sufficiency of the defense can be more thoroughly tested with the benefit of a fuller record—such as on a motion for summary judgment.").

## CONCLUSION

For these reasons, Mr. Platt's Motion to Strike is hereby **DENIED**. Dkt. 35. This matter shall proceed accordingly.

IT IS SO ORDERED.

Date:
        7/27/2026

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MICHAEL PLATT
750 Third Avenue
Ste. 1042
Chula Vista, CA 91910

Chloe Nicole Craft
Krieg DeVault
ccraft@kdlegal.com

Rachel J. Guin
Krieg DeVault, LLP
rguin@kdlegal.com